**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Abelardo NEGRETTE–MEDINA,**
**Defendant–Appellant.**

**No. 11–40021**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 5, 2012.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Renata Ann Gowie, Assistant U.S. Attorney, James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

James Scott Sullivan, Esq., San Antonio, TX, for Defendant–Appellant.

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM: *

A jury convicted Abelardo Negrette–Medina (Negrette) of conspiracy to possess with intent to distribute more than one thousand kilograms of marijuana, five kilograms of cocaine, and fifty grams of methamphetamine and possession with intent to distribute more than five kilograms of cocaine. The district court sentenced Negrette to 120 months of imprisonment and five years of supervised release on

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

each count to run concurrently. On appeal, Negrette asserts that the district court erred in denying his motion to suppress all evidence obtained as a result of his detention and arrest. He specifically contends that the district court should have suppressed his post-arrest confession because reasonable suspicion did not support his detention and probable cause did not support his arrest.

In reviewing the district court's denial of a motion to suppress, we review legal conclusions de novo and factual findings for clear error. *United States v. Gomez,* 623 F.3d 265, 268–69 (5th Cir.2010). We view the evidence in the light most favorable to the party that prevailed in the district court, "considering the evidence offered at the suppression hearing as well as the evidence admitted at trial." *United States v. Gonzales,* 121 F.3d 928, 938 (5th Cir. 1997), *abrogated on other grounds by United States v. O'Brien,* —— U.S. ——, 130 S.Ct. 2169, 176 L.Ed.2d 979 (2010); *see also United States v. Ibarra,* 493 F.3d 526, 530 (5th Cir.2007). We review de novo the district court's determinations of reasonable suspicion and probable cause, but "give due weight to inferences drawn from those facts by . . . local law enforcement officers." *Ornelas v. United States,* 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); *accord United States v. Lopez–Moreno,* 420 F.3d 420, 430 (5th Cir.2005).

█ The parties assume without explanation that an agent seized Negrette when he approached Negrette and asked to see his phone. Assuming that this was a detention, the evidence presented at the suppression hearing and trial establishes that agents had reasonable suspicion to detain Negrette for engaging in criminal activity related to drug trafficking. *See Gomez,* 623 F.3d at 269. Over approximately eighteen months, agents investigated an organization using a pipeline to smuggle drugs. During their investigation, agents assessed the behavior of people involved with the organization conducting counter-surveillance and the locations they consistently used throughout Hidalgo, Texas. Agents knew from their observations that the people at these known counter-surveillance locations used their phones to alert members of the drug-trafficking organization to the presence of law enforcement.

On the day Negrette was detained, agents observed counter-surveillance technology at each of these known counter-surveillance locations and activity of a vehicle known to belong to the organization. These observations confirmed that drug activity and counter-surveillance were underway. With this foundational knowledge, an agent observed Negrette at one of the counter-surveillance locations. This experienced agent watched Negrette engage in what he considered to be counter-surveillance measures: Negrette looked closely at vehicles as they passed by while using his phone. Although the agent had not seen Negrette before, he contemporaneously observed people at the other counter-surveillance locations, and at least one of those people had been seen performing counter-surveillance on earlier occasions. Moreover, before detaining Negrette, agents arrested two leaders of the organization who were in the vehicle recognized as belonging to the organization which had passed other counter-surveillance locations, further suggesting that active counter-surveillance was underway.

Considering the totality of the circumstances, and also that "[u]se of counter-surveillance techniques by suspects raises a reasonable suspicion," *United States v. Posada–Rios,* 158 F.3d 832, 868 n. 15 (5th Cir.1998), the facts and inferences drawn by agents are more than sufficient to support the agents' reasonable suspicion that Negrette was performing counter-surveillance for the organization at the time of his alleged detention.

508

Agents also had probable cause to arrest Negrette for engaging in criminal activity related to drug trafficking. *See United States v. Carrillo–Morales,* 27 F.3d 1054, 1062 (5th Cir.1994) (finding probable cause based on information obtained through surveillance and a drug courier). Before he was arrested, Negrette voluntarily turned over his phone to an agent. Upon inspecting the phone, the agent discovered that it contained phone numbers of persons involved in the drug-trafficking organization and, specifically, in counter-surveillance. Thus, in addition to the observations that gave agents reasonable suspicion to detain Negrette, agents had at their disposal Negrette's phone, which directly linked him to other members of the drug-trafficking organization. A reasonably cautious officer would believe that a crime was being committed in these circumstances.

For these reasons, the district court did not err in denying Negrette's motion to suppress. The judgment of the district court is AFFIRMED.